**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EDWIN JOSEPH MULLER III**, | : | Case No. 2:17-cv-00882-EAS-KAJ |
| | : | |
| | : | Chief Judge Edmund A. Sargus, Jr. |
| Plaintiff, | : | Magistrate Judge Jolson |
| | : | |
| vs. | : | |
| | : | |
| **HUMACARE - CONSOLIDATED** | : | |
| **EMPLOYEE MANAGEMENT, INC.** | : | |
| **D/B/A/ IRONROAD, et al.,** | : | |
| | : | |
| Defendants | : | |

**STIPULATED PROTECTIVE ORDER FOR THE**
**PROTECTION OF CONFIDENTIAL INFORMATION**

Plaintiff Edwin Joseph Muller III and Defendants HumaCare - Consolidated Employee Management, Inc., Spartan Warehouse and Distribution Company Incorporated, HumaCare, Inc., Harmon Family LLC, Steve Harmon, Claude Edward Harmon, and William Southerland (collectively, "Defendants") are presently engaged in discovery in the above-referenced matter. As part of that process, the parties have agreed to produce documents containing (1) private and confidential information about the Plaintiff or about Defendants and/or their employees, and/or (2) other information that would damage the parties' legitimate interests if disseminated to the public (collectively, "Confidential Information"). Accordingly, in consideration of these factors, Plaintiff and Defendants hereby agree:

1.      Pages produced by any party in response to written discovery requests that contain Confidential Information will be marked "Confidential."

2.      Pages produced by any party in response to written discovery requests may be marked as "Attorneys' Eyes Only" only if those pages contain extremely sensitive commercial information or extremely sensitive personal information that cannot be disclosed under the

designation of "Confidential" without a high probability of a serious, specific harm to the designating party. The Attorneys' Eyes Only designation shall be used—if at all—as sparingly as possible, and, as a general matter, information relating to the financial status of the Defendants, the insurance rates associated with insuring or potentially insuring Plaintiff and his family and/or Defendants' employees, the alleged basis for terminating Plaintiff, and the loss of the State of Ohio liquor contract by Spartan Logistics, will not be designated as Attorneys' Eyes Only. Further, a party may only designate a document as Attorneys' Eyes Only if the party has a good faith belief that the information contained in the document meets the above definition.

Access to and disclosure of Attorneys' Eyes Only Material marked and identified in accordance with this Stipulated Protective Order shall be limited solely to the Court, its officers and its clerical staff and to attorneys for the parties, staff members assisting attorneys for the parties, and expert witnesses retained by the parties. Attorneys' Eyes Only Material shall not be provided, shown, made available or communicated in any way to any person or entity other than provided for in this paragraph.

3.     Collectively, documents designated as "Confidential" and "Attorneys' Eyes Only" are referred to as "Confidential Discovery Material."

4.     Any information that cannot be so labeled may be designated as "Confidential" or "Attorneys' Eyes Only" by informing counsel for the parties in writing that it is "Confidential" or "Attorneys' Eyes Only". Such designation shall be done either before or simultaneously with production.

5.     Portions of deposition transcripts may be designated as Confidential Discovery Material on the record during the deposition or may be designated by an e-mail or e-mailed letter that identifies the page and line number of the Confidential Discovery Material and is sent as

quickly as practical after the transcript is received (even if in rough form) and, in any event, not more than 10 business days after the transcript is received (even if in rough form). After such designation, such portions of the deposition transcripts shall be treated as Confidential Discovery Material under this Stipulated Protective Order. Only those portions of a deposition transcript that a Party believes in good faith to contain information that is Confidential Discovery Material shall be designated as such.

6.      The parties and their counsel may use Confidential Discovery Material only for purposes of this case, and not for any other purpose. Further, the parties and their counsel agree that they will not disseminate or distribute Confidential Discovery Material to third parties (i.e., parties not involved in this action) without first obtaining prior written consent from the producing party and/or the Court and only after the third parties have been advised of the existence of this Order and have signed a copy of the "Acknowledgment Of Confidentiality Order and Agreement To Be Bound" as set forth as "Exhibit A" to this Order.

7.      If, during this case, a party or its counsel desires to share Confidential Discovery Material with a third-party witness for purposes of this case, they may do so only for purposes of this case and only after the third party has been advised of the existence of this Order and has signed a copy of the "Acknowledgment Of Confidentiality Order and Agreement To Be Bound" as set forth as "Exhibit A" to this Order. Copies of Confidential Discovery Materials will not be given to or retained by anyone other than the parties and their counsel.

8.      After this case is concluded, and in accordance with the respective parties' document retention policies, each party, upon a request from another party that produced Confidential Discovery Material, will promptly destroy or return all Confidential Discovery Material to the producing party.

Notwithstanding the foregoing, counsel for the parties may retain in his or her file one copy of all discovery requests, and all filings in this action. Counsel may also retain attorney work product, regardless whether such work product refers to Confidential Discovery Material.

9. The parties agree to work together to maintain the confidentiality of the Confidential Discovery Material. If a party believes that a document that has been designated as Confidential Discovery Material does not qualify as such under this Order, then that party will first try to work the issue out with the other party. If the parties cannot resolve the issue, they will follow the Court's procedures for resolving discovery disputes.

10. If any Confidential Discovery Material must be filed in connection with this proceeding or any subsequent appeals, the filing party must make a good-faith effort to confer with the other parties regarding how to proceed and best protect the Confidential Discovery Material. If the parties agree that the Confidential Discovery Material should be filed under seal, the filing party shall move to file the Confidential Discovery Material under seal.

If the parties are not able to reach an agreement on whether or how to file Confidential Discovery Material, the filing party shall file a motion to resolve the dispute. All discovery disputes will be handled pursuant to the local rules. If a party files a motion pursuant to this paragraph, the other parties hereby agree to consent to extensions of the deadline for the party to file the filing that is the subject of that motion.

This Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and good cause shown, including the legal basis for filing under seal. *See Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1 and the

policies and procedures set forth in the Court's CM/ECF online resources. If a party moves for leave to file under seal and the Court denies the filing party leave to file under seal, then the filing party shall be entitled to file the Confidential Discovery Material without filing under seal.

11.     In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential" until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Order.

12.     In the event that any party to this Order inadvertently discloses documents or other materials protected by the attorney-client privilege or the work product doctrine, regardless of whether the documents or other materials are produced pursuant to this Order, the party receiving such documents or materials shall immediately return the documents or material upon request and shall not retain any copies or use the documents or materials in any way.

13.     This Court may modify this Order as appropriate. At all times, the burden of proving that something qualifies as Confidential Discovery Material remains with the party asserting the confidentiality.

SO ORDERED:

Date: February 2, 2018                          s/Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE

STIPULATED:

/s/ Todd H. Neuman
Todd H. Neuman (0059819)
Jeffrey R. Corcoran (0088822)
Allen Keuhnle Stovall & Neuman LLP
17 South High Street, Suite 1220
Columbus, OH 43215
614-221-8500 – phone
412-221-5988 – fax
neuman@aksnlaw.com
corcoran@aksnlaw.com

*Attorneys for Plaintiff Edwin Joseph Muller III*

/s/ Tessa L. Castner [email authority on 2-2-2018]
Jeffrey N. Lindemann (0053073)
FROST BROWN TODD LLC
One Columbus, Suite 2300
10 West Broad Street
Columbus, OH 43215-3467
614-464-1211 – phone
614-464-1737 – fax
jlindemann@fbtlaw.com

Tessa L. Castner (0093808)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
513-651-6800 – phone
513-651-6981 – fax
tcastner@fbtlaw.com

*Attorneys for Defendants HumaCare - Consolidated Employee Management, Inc., HumaCare, Inc., and William Southerland*

/s/ Carolyn A. Davis [email authority on 2-1-2018]
Pamela S. Krivda (0041133)
Carolyn A. Davis (0084905)
Taft Stettinius & Hollister LLP
65 E. State Street, Suite 1000
Columbus, OH 43215
614-221-2838 – phone
614-221-2007 – fax
pkrivda@taftlaw.com
cdavis@taftlaw.com

*Attorneys for Defendants Spartan Warehouse and Distribution Company Incorporated, Harmon Family LLC, Steve Harmon, and Claude Edward Harmon*

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **EDWIN JOSEPH MULLER III**, | Case No. 2:17-cv-00882-EAS-KAJ |
| Plaintiff, | Judge Sargus |
| | Magistrate Judge Jolson |
| vs. | |
| **HUMACARE - CONSOLIDATED EMPLOYEE MANAGEMENT, INC. D/B/A/ IRONROAD, et al.,** | |
| Defendants | |

## ACKNOWLEDGEMENT OF CONFIDENTIALITY
## ORDER AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Southern District of Ohio in the case of *Muller v. HumaCare -*

*Consolidated Employee Management, et al.*. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order. I promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of Ohio for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Signature: _____

Printed name: _____

Date: _____

City and State where sworn and signed: _____